# Martien *v.* Hansell, Appellant.

*Practice—Damages—Evidence—Veterinary surgeon.*

In an action by a veterinary surgeon to recover for services rendered, the appellate court will not reverse a judgment on a verdict in the plaintiff's favor, because of the absence of specific proof in regard to the value of the service, where the record seems to show, if not a distinct agreement, at least an understanding that the value of the services were not in question, and where the services have been shown with some particularity of detail as to their nature and extent, so that the jury could fix a reasonable value thereon.

Argued Oct. 15, 1902.   Appeal, No. 82, Oct. T., 1902, by defendant, from judgment of C. P. No. 3, Phila. Co., Oct. T., 1902, No. 82, on verdict for plaintiff in case of Henry D. Martien *v.* Thomas J. Hansell.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit for services as veterinary surgeon.   Before McMICHAEL, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $77.65.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*William W. Smithers,* for appellant, cited : Brooks v. Penna. R. R. Co., 2 Pa. Superior Ct. 581 ; Wilkinson Mfg. Co. v. Welde, 196 Pa. 508.

*Frederick W. Bauer,* for appellee, cited : Quick v. Miller, 103 Pa. 67.

OPINION BY BEAVER, J., November 19, 1902 :

This case was submitted without argument.   A single question is raised by the record, Is the plaintiff entitled to recover, in the total absence of proof of agreement as to price or value of the services ?

The plaintiff was a veterinary surgeon who attended the

horse of the defendant, under an alleged contract stated by him as follows: "I met Mr. Hansell at the stable of B. W. Garrett and we entered into a conversation about his horse which was lame. He asked me if I could cure him. I said 'yes.' He said, 'I don't think you can.' I said, 'I can; if I don't cure, I won't charge you a cent; but, if I do cure him, I want you to pay me for him.' Everything was all right and I started June 12 to treat the horse for the lameness and I did cure the horse," etc. Both the contract and the cure were denied by the defendant. The jury, however, have settled the controversy as to both by their verdict. The testimony discloses that the plaintiff attended the horse from June 13 until September 17. His bill was presented and he was cross-examined in regard to it by the defendant, although the amount thereof is not mentioned either in his own testimony or in that of the defendant.

The appellant asks us to set aside the judgment on the ground that there was no evidence of the value of the services. The appellee alleges that "upon the opening of the plaintiff's case to the jury, counsel for defendant requested counsel for the plaintiff to omit all other proofs than that, if there was no cure, there should be no pay, inasmuch as the amount involved was small. This was assented to by counsel for the plaintiff and the attention of the trial judge, in the presence of the jury, was called thereto." This is now specifically denied by the counsel for the defendant. There would seem to be some evidence, both in the charge of the court and in the examination and cross-examination of the plaintiff, that there was some arrangement in reference to the amount of the bill. Nothing is said in regard to it, although the plaintiff is carefully cross-examined both as to the several dates during which services were rendered, the character of such service and the surgical supplies and medicines furnished by the plaintiff. The court in the charge says: "There is not very much law in the case. You have heard the testimony and it is practically agreed between counsel, though they have submitted some law points to me to charge you upon,—it is practically agreed that the determining question here is whether the plaintiff succeeded in effecting a cure to the horse." Appellant in his argument, speaking of the absence of proof as to the value of the services,

says : " The only plausible explanation is one dehors the record, namely, that plaintiff's counsel, according to the usual practice, must have handed to the jury as they were about to retire, a slip containing the amount of his claim." The plaintiff in reply says, in his argument: " This is correct. Plaintiff's counsel first requested permission of the court to hand to the jury a statement showing the amount of plaintiff's claim, which permission was given him. Defendant's counsel then requested permission to see the statement, examined it, nodded his assent and said it was all right, whereupon plaintiff's counsel handed the slip to the foreman of the jury as they were retiring." The appellant files a reply in which, although denying the agreement set forth by the plaintiff, he says nothing in regard to the statement submitted to the jury.

Under all the circumstances of the case, we are of the opinion that the judgment should not be reversed, because of the absence of specific proof in regard to the value of the service : first, because of the condition of the record, which would seem to indicate, if not a distinct agreement, at least an understanding that the value of the services were not in question ; second, because the services having been shown with some particularity of detail as to their nature and extent, the jury could fix a reasonable value thereon as, according to the appellant, the court intimated they could do.

Judgment affirmed.